AUSTIN, Receiver, Appellant, v. JONES, Respondent.

(276 N. W. 724)

(File No. 8058.  Opinion filed December 24, 1937)

*Perry F. Loucks,* of Watertown, for Appellant.

*George W. Case,* of Watertown, for Respondent.

POLLEY, J.  This appeal grows out of a summary proceeding in the trial court, brought for the purpose of compelling the defendant, a member of the bar of this state, to pay a judgment in a civil case.  The judgment involved is for money paid to the defendant as attorney's fees for legal services performed by defendant for the receiver of the Gold Brothers Security Company.  One Blomquist was appointed as receiver of said company by the circuit court of Grant county on the 30th day of October, 1924, and he employed the defendant to act as counsel for him in administering such receivership.  The company's indebtedness was very large, and its assets, on paper at least, amounted to many thousands of dollars.

There were a considerable number of creditors, one of whom was a bank in New York City.  The claim of this creditor alone amounted to more than $200,000, and the bank held a large amount of collateral security.  A controversy arose over the claim between the bank and the receiver; but a settlement with the bank was ultimately arranged, as a result of which the bank paid the receiver $5,000, and withdrew its claim, but retained the major portion of its collateral securities.  After the settlement with the bank had been consummated, defendant and the receiver presented a petition to the late R. D. Gardner, who was then one of the judges of the circuit court of Grant county and who was acting as judge in the Gold Brothers receivership.  The petition asked that the said settlement be approved, and also asked that the defendant be allowed an attorney's fee of $10,000 for his services.  No notice of this proceeding was given to any of the creditors of the Gold Brothers Security Company, but on the 17th day of June, 1929, Judge Gardner entered an order approving the said settlement and awarding the defendant an attorney's fee of $10,000.  Pursuant to this order the receiver paid to defendant the said fee of $10,000 out of funds in his hands belonging to the said receivership.  Defendant deposited this money in the bank and checked it out in the ordinary course of business.  Only two items paid out of said money are set out in the record.  One item is the sum of $2,000 which was paid on the purchase price of a residence in Milbank occupied by

defendant and his family as a homestead, and $1,500 that was used to pay an indebtedness upon and to improve a summer cottage on Big Stone Lake. Both of these properties had been purchased by defendant prior to the transactions above set out, and title to both of said properties stood in the name of defendant's wife.

Judge Gardner retired from office and was succeeded by Judge Van Buren Perry. On the 31st day of August, 1931, upon due notice to all the creditors, Judge Perry made and entered an order, which, among other things, reduced the allowance made as above set out to the defendant wherein the amount of the fee allowed to defendant was reduced from $10,000 to $5,000. Thereafter, certain legal proceedings were had against the defendant which ultimately resulted in a final judgment against him for an amount in excess of $5,000. In May, 1936, supplemental proceedings were had in aid of execution against defendant, but no property subject to execution was found, and this present proceeding was instituted upon the above facts for the purpose of procuring an order against the defendant, with contempt proceedings in the background, in case the money involved was not forthcoming. The trial court upon hearing dismissed said proceeding and plaintiff appeals.

That the trial court has power, in a proper case, to deal summarily with members of the bar is not questioned. Therefore, the question before the court is, Should the court, under the facts and circumstances above shown, have exercised its inherent power and entered an order committing the defendant for contempt? It was shown by the supplemental proceedings referred to above, that the defendant had no money or property other than what was exempt from levy and sale on execution with which to discharge his obligation, so that we may assume that this proceeding was instituted for the sole purpose of punishing defendant for his failure to pay the judgment.

Appellant contends that the defendant is wrongfully withholding money that rightfully belongs to the receiver; that it is immoral for him to retain the same; and that he should be punished summarily for not returning such money to the receiver. Counsel for appellant cites many cases in support of his contention, but nearly if not all of the cases so cited are cases where the money involved

came into the attorney's hands as collections made by him for his client, or came to him by or through the client for some specific purpose, and was retained or misused by the attorney. In such cases the court usually exercises its discretion in fixing the punishment to be applied in each individual case. But this is not such a case. In this case the attorney had been employed for a period of about five years. The record does not show just the amount or value of work he had performed, but there is enough shown to indicate that a large amount of work had been performed by the defendant, and that by presenting his bill for $10,000 he believed that the services so rendered by him was worth that amount. The receiver believed such services were worth that amount, and Judge Gardner believed such services were worth that amount, or he would not have allowed the claim and directed the receiver to pay it. No fraud, collusion, nor concealment is shown or charged. Defendant received the money by virtue of the court's order, as his own. This condition continued for a period of more than two years, during which time no question appears to have been raised in regard to the amount of defendant's allowance or the propriety of Judge Gardner's order. Under these circumstances we do not think plaintiff is entitled to the relief prayed for. Counsel has cited no case where summary relief was granted under circumstances like these, nor do we believe that any court under such circumstances ever issued a summary order.

The order appealed from is affirmed.

RUDOLPH, P. J., and ROBERTS and WARREN, JJ., concur.

SMITH, J., concurs in result.